UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| BOARDS OF TRUSTEES OF BOILERMAKERS LODGE 154 RETIREMENT PLAN AND BOILERMAKERS LODGE 154 WELFARE,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBIN M. ADAMS, individually and as parent of J.A. ADAMS, a minor, JOSHUA JAY ADAMS, JUSTIN T. ADAMS and J.A. ADAMS individually and as beneficiaries of the estate of JAY S. ADAMS; JESSICA DAWN ADAMS, individually and as parent of J.C. ADAMS, a minor,<br><br>Defendants. | CIVIL ACTION<br><br>No. 2:14-cv-01338-MBC |

## ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM

AND NOW, comes the Defendants, ROBIN M. ADAMS, individually and as parent of J.A. ADAMS, a minor, JOSHUA JAY ADAMS, JUSTIN T. ADAMS and J.A. ADAMS individually and as beneficiaries of the estate of JAY S. ADAMS, (hereinafter these Defendants), through their counsel, Phillips and Faldowski, P.C., and files this Answer, Affirmative Defenses and Counterclaim to the Complaint, averring as follows:

1. Paragraph 1 of the Complaint is admitted in part and denied in part. It is admitted the action is one for a Declaratory Judgment, it is denied there is an actual controversy as these Defendants believe

that the decedent made a review of his benefits and the beneficiaries thereof shortly before he died and failed to make changes, evidencing his ongoing intent.

2. Paragraph 2 of the Complaint is admitted insofar as it avers diversity; although these Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 2 of the Complaints about the benefits being solely subject to an action under ERISA, with proof required.

3. Paragraph 3 of the is admitted, although it is denied the benefits due upon death are all the subject of this action and it is believed the decedent had additional benefits which are not outlined and were all part of the decedent's plan for providing for his children and other beneficiaries.

4. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 4 of the Complaint, with proof required.

5. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 5 of the Complaint, with proof required.

6. Paragraph 6 of the Complaint is admitted.

7. Paragraph 7 of the Complaint is admitted.

8. Paragraph 8 of the Complaint is admitted.

9. Paragraph 9 of the Complaint is admitted.

10. Paragraph 10 of the Complaint is admitted.

11. Paragraph 11 of the Complaint is admitted.

12. Paragraph 12 of the Complaint is admitted.

13. Paragraph 13 of the Complaint is admitted, although upon information and belief the decedent and Jessica Adams were separated, not residing together and Jessica had filed for divorce.

14. Paragraph 14 of the Complaint is admitted.

15. Paragraph 15 of the Complaint is admitted, although these defendants are without knowledge or information sufficient to form a belief as to the truth of the averment that the Retirement Plan and Welfare Plan were ERISA- covered, with proof required.

16. Paragraph 16 of the Complaint is admitted.

17. Paragraph 17 of the Complaint is admitted.

18. Paragraph 18 of the Complaint is admitted.

19. Paragraph 19 of the Complaint is admitted, although the document speaks for itself.

20. Paragraph 20 of the Complaint is admitted, although the document speaks for itself and did not prohibit the decedent from making Robin Adams a beneficiary on any benefit or plan should he so wish.

21. Paragraph 21 of the Complaint is admitted, although at the time of decedent's death it is believed and averred that Jessica Adams had begun divorce proceedings and the decedent and Jessica were not maintaining a marital household.

22. Paragraph 22 of the Complaint is admitted.

## COUNT I
## DECLARATORY JUDGMENT- RETIREMENT BENEFITS

23. These Defendants incorporates by reference thereto their answers to Paragraphs 1 through 22 of the Complaint, the same as set forth herein and at length.

24. Paragraph 24 of the Complaint is admitted, although the document speaks for itself.

25. Paragraph 25 of the Complaint is admitted, although the document speaks for itself.

26. Paragraph 26 of the Complaint is admitted. Additionally, these Defendants believe that the decedent made a review of his benefits and the beneficiaries thereof shortly before he died and failed to make changes, evidencing his ongoing intent.

27. With regard to Paragraph 27 of the Complaint, these Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments, with proof required. As to issues of claimed "spousal rights" those are legal conclusions to which no response is necessary, to the extent a response is necessary, it is denied.

28. With regard to Paragraph 28 of the Complaint, these Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments, with proof required.

29. Paragraph 29 of the Complaint is a conclusion of law to which no response is required.

## COUNT II
## DECLARATORY JUDGMENT- DEATH FUND BENEFITS

30. These Defendants incorporates by reference thereto their answers to Paragraphs 1 through 29 of the Complaint, the same as set forth herein and at length.

31. Paragraph 31 of the Complaint is admitted, although the document speaks for itself.

32. Paragraph 32 of the Complaint is admitted, although the document speaks for itself.

33. Paragraph 31 of the Complaint is admitted in part and denied in part. It is admitted that 20 Pa.C.S. 6111.2 talks about the effect of divorce or divorce proceedings on pension plans and the like, it is denied that the section or Pennsylvania laws in that regard are applicable as the section applies only to decedent's domiciled in Pennsylvania, the decedent being domiciled in West Virginia.

34. Paragraph 32 of the Complaint is admitted in part and denied in part. The holding of *In re Estate of Sauers* is admitted, it is denied however that Pennsylvania law in that regard is applicable as the decedent was not domiciled in Pennsylvania, the decedent being domiciled in West Virginia. The general proposition regarding ERISA and benefits left to divorced parties is admitted.

35. Paragraph 35 of the Complaint is a conclusion of law to which no response is required, it is denied that Pennsylvania law applies or creates a controversy here requiring guidance, the benefits being properly due to Robin Adams.

36. Paragraph 36 of the Complaint is a conclusion of law to which no response is required.

WHEREFORE, the Defendants, ROBIN M. ADAMS, individually and as parent of J.A. ADAMS, a minor, JOSHUA JAY ADAMS, JUSTIN T. ADAMS and J.A. ADAMS individually and as beneficiaries of the estate of JAY S. ADAMS, respectfully requests that judgment be entered in their favor and against the Plaintiffs, with attorneys fees and that all further relief to which these Defendants are entitled and the Court deems appropriate, be awarded.

### **AFFIRMATIVE DEFENSES**

37. Paragraphs 1 through 36 of the Answer are incorporated herein as is set forth and at length.

38. Plaintiff's Complaint fails to state a cause of action against these Defendants upon which relief can be granted.

39. These Defendants believe that the decedent made a review of his benefits and the beneficiaries thereof shortly before he died and failed to make changes, evidencing his ongoing intent to benefit these Defendants, so that no controversy exists.

40. These Defendants aver that Pennsylvania law in that regard to the claimed pension and death benefit plan is not applicable as the decedent was not domiciled in Pennsylvania, the decedent being domiciled in West Virginia. Additionally, as it is believed that West Virginia law does not provide for dower or spousal rights, there is no controversy and the benefits should be paid to the designated beneficiaries without expense, litigation and in all haste.

41. The benefits due upon death that are the all the subject of this action are not all the benefits due as a result of the decedent's passing and it is believed the decedent had additional benefits which are not outlined and were all part of the decedent's plan for providing for his children and other beneficiaries, the designation of beneficiaries on those benefits it is believed provides an overall scheme, so those benefits must also be considered if a controversy indeed exits.

WHEREFORE, the Defendants, ROBIN M. ADAMS, individually and as parent of J.A. ADAMS, a minor, JOSHUA JAY ADAMS, JUSTIN T. ADAMS and J.A. ADAMS individually and as beneficiaries of the estate of JAY S. ADAMS, respectfully requests that judgment be entered in their favor and against the Plaintiffs, with attorneys fees and that all further relief to which these Defendants are entitled and the Court deems appropriate, be awarded.

## COUNTERCLAIMS AGAINST THE PALINTIFFS

42. Paragraphs 1 through 41 of the Answer are incorporated herein as is set forth and at length.

43. If it is determined that ERISA applies, then the Plaintiffs have created this controversy unnecessarily and these Defendants are entitled to not only the benefits to which they were designated beneficiaries, but attorney's fees and costs.

44. The designation of these Defendants as beneficiaries created a contract between the Plaintiffs and these Defendants which the Plaintiffs have breached by their failure to swiftly pay benefits, these Defendants seek damages for the claimed breach.

WHEREFORE, the Defendants, ROBIN M. ADAMS, individually and as parent of J.A. ADAMS, a minor, JOSHUA JAY ADAMS, JUSTIN T. ADAMS and J.A. ADAMS individually and as beneficiaries of the estate of JAY S. ADAMS, respectfully requests that judgment be entered in their

favor and against the Plaintiffs, with attorneys fees and that all further relief to which these Defendants are entitled and the Court deems appropriate, be awarded.

                                  **PHILLIPS & FALDOWSKI, P.C.**

By:    /s/ Kathleen Smith-Delach
        Kathleen Smith-Delach, Esquire
        Attorney for Defendants, ROBIN M. ADAMS,
        individually and as parent of J.A. ADAMS, a
        minor, JOSHUA JAY ADAMS, JUSTIN T.
        ADAMS and J.A. ADAMS individually and as
        beneficiaries of the estate of JAY S. ADAMS

PROOF OF SERVICE

      This is to certify that a true copy of the foregoing document has been served upon all parties on the date and in the manner set listed below:

___XX_____         Electronic Filing Transmission

                            Margarita Shulkina, Esq.
                            Stephen J. O'Brien & Associates
                            650 Ridge Road
                            Suite 400
                            Pittsburgh, Pennsylvania 15205
                            mshulkinaesq@gmail.com
                              (Counsel for Plaintiffs)

___XX_____         First Class Mail

                            Jessica Adams
                            409 Earl Street
                            Newell, W.Va. 26050

Date:   November 3, 2014

                            **PHILLIPS & FALDOWSKI, P.C.**

                       By:   /s/ Kathleen Smith-Delach
                              Kathleen Smith-Delach, Esquire
                              Attorney for Defendants, ROBIN M. ADAMS,
                              individually and as parent of J.A. ADAMS, a minor,
                              JOSHUA JAY ADAMS, JUSTIN T. ADAMS and
                              J.A. ADAMS individually and as beneficiaries of the
                              estate of JAY S. ADAMS